# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

BRADLEY HOUSE LDHA,

    *Plaintiff*,

CASE NO. 12-CV-11633

*v.*

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

MARVIN ECHOLS,

    *Defendant*.

                               /

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that this case be **REMANDED** to state court because this Court lacks subject matter jurisdiction.

### II.    REPORT

    **A.**    **Introduction and Procedural History**

This case was removed by Defendant Marvin Echols, who is proceeding *pro se*, to this Court on April 11, 2012, pursuant to 28 U.S.C. § 1441.[1] The case was originally brought in Michigan's 74th Judicial District Court. In the original state-court Complaint for Non-Payment of Rent (Landlord-Tenant), Plaintiff Bradley House LDHA sought a money judgment for back rent and an order evicting Defendant Echols from the rental property he currently occupies. (Doc. 1 at 6-8.) The state court entered judgment against Defendant Echols on April 2, 2012. (*Id*. at 42.)

---

[1]The Notice of Removal also lists several other statutes: 28 U.S.C. § 1446(a); 28 U.S.C. § 1446(b); 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 1981; and 42 U.S.C. § 3601. (Doc. 1 at 2.)

In the Notice of Removal, Defendant Echols alleges that the state court judge who heard the case violated Echols' federal due process and equal protection rights and that the judge knowingly excluded material evidence from the Department of Housing and Urban Development ("HUD"), the federal agency that subsidizes Plaintiff's rental payments. (*Id.* at 4.)

In addition to filing the Notice of Removal, Defendant Echols also filed a Motion for Leave to File a Counterclaim (Doc. 3), alleging that Plaintiff Bradley House has willfully and repeatedly violated his civil rights and "Section 8 public housing contract rights" with regard to the "monthly rental timetables and monthly grace periods." (Doc. 3 at 2-3.) Defendant states that "the federal government agency H.U.D." has "jurisdiction and controlling authority in the issues of controlling law" and equity. (*Id.* at 4.) Defendant claims that the state court chose to ignore the HUD regulations because Defendant is black. (*Id.*)

**B.  Governing Law**

Federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays,* 515 U.S. 737, 742, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Section 1441(a) of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." There are two ways this Court can obtain jurisdiction over such a case; first, the United States Code provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States." 28 U.S.C. § 1331. This statute confers on the federal district courts what is known as "federal question jurisdiction." Second, pursuant to 28 U.S.C. § 1332, diversity jurisdiction arises when the matter is between citizens of different states and the amount in controversy exceeds $75,000. If a matter over which this Court lacks subject matter jurisdiction is removed to this Court, "the case shall be remanded" and the "State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. Of America, Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Removal statutes should be narrowly construed because federal courts are courts of limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit Court of Appeals follows a policy that "all doubts as to the propriety of removal are resolved in favor of remand." *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

Defendant in this case asserts that removal is proper pursuant to federal question jurisdiction. In order to determine whether the case arises under federal law, however, a court looks only at the plaintiff's well-pleaded complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). *See also Gentek Bldg. Prod., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 325 (6th Cir. 2007). "If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable.

This makes the plaintiff the master of the complaint; the plaintiff may simply avoid federal jurisdiction by relying exclusively on state law." *Gentek*, 491 F.3d at 325 (citations omitted). Generally, a state law claim cannot be recharacterized as a federal claim for the purpose of removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Similarly, a case may not be removed to federal court on the basis of a federal defense, even when both parties concede that the federal defense is the only real question at issue. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). A defendant has no inherent right to a federal forum for adjudication of federal rights absent exclusive federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10.

Finally, pursuant to the *Rooker-Feldman* doctrine, this Court has no power to overturn state court judgments. The Sixth Circuit has explained the foundation of the doctrine as follows:

> The doctrine originates from two Supreme Court decisions, which were rendered 60 years apart. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In both cases the plaintiffs challenged the validity of state court decisions by filing suit in federal district court. In *Rooker*, the plaintiff asked the district court to render the state court judgment against him "null and void." *See Rooker*, 263 U.S. at 414-15. In *Feldman*, the plaintiffs filed suit against the actual state court that had rejected the plaintiffs' applications to practice law. *Feldman*, 460 U.S. at 478-79. In both cases the Supreme Court dismissed the suits for lack of subject-matter jurisdiction, reasoning that pursuant to 28 U.S.C. § 1257, only the Supreme Court, and not the lower federal courts, enjoys appellate jurisdiction over state court decisions. *See Rooker*, 263 U.S. at 414-15; *Feldman*, 460 U.S. at 478-79.

*Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006).

### C. Analysis & Conclusion

In this case, the original complaint filed in state court alleged only state law landlord-tenant claims.[2] Landlord-tenant disputes and eviction actions are typically state law claims. *See The Home Loan Cntr. v. Thompkins*, No. 06-10379, 2006 WL 335707 (E.D. Mich. Feb.14, 2006). *See also United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (noting that it is well established that the landlord-tenant relationship is fundamentally a matter of state law and that federal courts appropriately abstain from adjudicating those actions as they involve complex questions of state law). The only federal claims are those Defendant seeks to assert as either a defense to suit or as counterclaims. Pursuant to *Caterpillar*, however, Defendant's federally based defenses cannot serve as the basis for removal.

Accordingly, there being no grounds for federal jurisdiction in this matter, I suggest that removal was improper and that the case be remanded to state court. In addition, I suggest that subject matter jurisdiction is lacking pursuant to the *Rooker-Feldman* doctrine, because Defendant Echols in essence is seeking an order from this Court rendering the state court judgment against him "null and void." *See Rooker*, 263 U.S. at 414-15. The United States Supreme Court has held, however, that federal district courts do not have the power to grant this relief.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific

---

[2]The Complaint for Non-Payment of Rent cites Michigan Compiled Laws § 600.5714, as well as various Michigan court rules, and the Demand for Possession for Non-Payment of Rent cites Michigan Compiled Laws §§ 600.5714, 600.5716, 600.5718, and 600.5775. (Doc. 1 at 7-8.)

5

written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this report and recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                   s/ *Charles E. Binder*
                                                   CHARLES E. BINDER
Dated: April 18, 2012                      United States Magistrate Judge

### **CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on D. Keith Birchler, and served by first class mail on Marvin Echols, 100 Fifteenth St., B402, Bay City, MI, 48708-4601.

Date: April 18, 2012                    By    s/*Jean L. Broucek*
                                                 Case Manager to Magistrate Judge Binder